UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAIQUIRI MCHANEY, on behalf of
herself and others similarly situated,

       Plaintiff,

v.                          CASE NO. 3:16-cv-345-J-32MCR

SCHOOL BOARD OF UNION COUNTY,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Joint Motion for Approval of

Settlement ("Joint Motion") (Doc. 7), which was referred to the undersigned for a

report and recommendation on November 28, 2016.  The undersigned has

reviewed the filings in this case and finds that there is no need for a hearing.  For

the reasons discussed herein, the undersigned recommends that the Joint Motion

be granted, the settlement agreement be approved, and the case be dismissed

with prejudice.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation,] a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was not made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

## I.    Background

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  (Doc. 1.)  Plaintiff sought to recover unpaid minimum wages, liquidated damages, attorney's fees, and costs for Defendant's alleged failure to compensate her for the time spent training as a bus driver between December 2015 and February 2016.  (*Id.*)  Defendant denied that Plaintiff was entitled to any of the damages or relief sought and asserted a number of affirmative defenses.  (Doc. 6.)

On November 18, 2016, the parties filed the Joint Motion, seeking court approval of their FLSA compromise and dismissal of this action with prejudice. (Doc. 7.)  On December 7, 2016, the Court took the Joint Motion under advisement and directed the parties to supplement it, no later than December 21, 2016, by filing Plaintiff's counsel's contemporaneous time records and advising the Court what claim(s) are being settled and whether such claim(s) are being compromised.  (Doc. 9.)  On December 15, 2016, the parties supplemented the Joint Motion (*see* Docs. 10 & 11), but the Court determined that these filings still did not provide the information requested in the Court's December 7, 2016 Order (*see* Doc. 12).  Therefore, the parties were directed to supplement the Joint Motion by January 17, 2017.  (Doc. 12 at 2.)

On January 17, 2017, the parties filed an Amended Joint Motion for Approval of Settlement (Doc. 13), which the Court construes as a supplement to

2

the original Joint Motion.[2]  The parties advise that the proposed settlement "does not involve any compromise of Plaintiff's claim" for unpaid minimum wages, and request that the Court dismiss this case with prejudice.  (*Id.* at 2.)

## II.    Discussion

In general, strong public policy favors the voluntary settlement of lawsuits. *See, e.g.*, *Schering-Plough Corp. v. FTC*, 402 F.3d 1056, 1072-73 (11th Cir. 2005); *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010); *United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 490 (6th Cir. 2010). However, fearing the often widely disparate bargaining power that typically exists between employers and employees, Congress made the FLSA's provisions mandatory, *i.e.*, "not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).  Thus, before a court may dismiss an FLSA case based on the parties' settlement, the court must generally determine that the settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." *Id.* at 1353, 1355.

However, some courts have stated that "[i]f the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement." *Bonetti v. Embarq Mgmt. Co.*,

---

[2] As such, the Amended Joint Motion for Approval of Settlement (Doc. 13) will be terminated.

715 F. Supp. 2d 1222, 1226 n.6 (M.D. Fla. 2009) (citation omitted); *see also King*

*v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575,

at *3 (M.D. Fla. Mar. 7, 2007) ("Where the employer offers the plaintiff full

compensation on his FLSA claim, no compromise is involved and judicial

approval is not required.").

The parties here represent that, pursuant to the settlement agreement,

which "does not involve any compromise of Plaintiff's claim" for unpaid minimum

wages, Plaintiff will receive $1,450.00 ($725.00 as unpaid minimum wages and

$725.00 as liquidated damages), which was calculated according to Plaintiff's

time sheets and her estimate of hours worked.  (Doc. 13 at 2.)  The parties further

represent:

> As part of the settlement, the parties separately negotiated a
> reasonable fee to be paid by Defendant to Plaintiff's counsel for his
> work on this matter in the amount of Two Thousand Fifty and no/100
> Dollars ($2,050.00).[3] . . . To date, as set forth in the attached billing
> records, Plaintiff's counsel ("MWB") has spent a total of 7.1 hours on
> this cause.  Consequently, the fees to be paid to Plaintiff's counsel
> represent the sum of approximately $288.73 per hour for work
> performed.

(*Id.*)

The Court accepts the parties' representation that Plaintiff is receiving full

compensation for her claims, without compromise.  Accordingly, judicial approval

---

[3] By Order dated March 29, 2016 (Doc. 5), this Court granted Plaintiff's Motion for
Leave to Proceed In Forma Pauperis.  Thus, Plaintiff has not incurred any costs for
initiating this action or for serving Defendant with a copy of the Complaint and
Summons.

of the settlement is not necessary.  Further, given that there has been no compromise of Plaintiff's claims, there is no reason to believe that the attorney fee portion of the settlement affected Plaintiff's recovery.  Therefore, there is no reason to scrutinize the fee.[4]  *See Bonetti*, 715 F. Supp. 2d at 1226 n.6.

Accordingly, it is respectfully **RECOMMENDED** that:

The Joint Motion (**Doc. 7**) be **GRANTED**, the Amended Joint Motion for Approval of Settlement (**Doc. 13**) be **TERMINATED**, the settlement agreement be **APPROVED**, and the case be **DISMISSED with prejudice**.  It is further recommended that the Clerk of Court be directed to terminate any pending motions and close the case.

**DONE AND ENTERED** at Jacksonville, Florida, on January 24th, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

---

[4] The amount of fees does not appear unreasonable on its face.

5